# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JESSE L. GARCIA,

    Petitioner,

vs.                                          No. CIV 97-0130 M/JHG

TIM LEMASTER, Warden,

    Respondent.

## MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1.    This habeas corpus action, brought pursuant to 28 U.S.C. § 2254, is before the Court on the merits. Petitioner (Garcia) attacks the Judgment and Sentence imposed in the case styled *State of New Mexico v. Jessie Garcia*, No. CR 94-11839, Ninth Judicial District, County of Curry, State of New Mexico.

    2.    On February 23, 1996, Garcia's suspended sentence imposed on August 30, 1994, was revoked. Answer, Exhibit A. Garcia was sentenced to 364 day on each of 20 counts for misdemeanor attempted breaking and entering, to run consecutively, for a total term of 20 years less 20 days incarceration. *Id.* Garcia filed a direct appeal. Answer, Exhibit C. On July 22, 1996, the Court of Appeals affirmed. Answer, Exhibit D. The New Mexico Supreme Court denied Garcia's petition for a writ of certiorari on September 10, 1996. Answer, Exhibit F. Garcia filed a state petition for a writ of habeas corpus. Answer, Exhibit G. The petition was denied on October 10, 1996. Answer, Exhibit H. The New Mexico Supreme Court denied certiorari on November 13, 1996. Answer, Exhibit J. This action followed.

    3.    Respondent conceded exhaustion. Garcia raises the following issues in his brief:

**I.** **Whether petitioner was denied his right to the effective assistance of counsel at the probation violation hearing when his attorney failed to conduct an adequate investigation and failed to present any mitigating evidence.**

**II.** **Whether petitioner's twenty year sentence for twenty misdemeanor offenses violated the petitioner's right to be free from cruel and unusual punishment.**

4. Garcia contends his attorney was ineffective because he unreasonably failed to investigate the facts surrounding his failure to complete the Delancy Street program. Garcia contends he is entitled to an evidentiary hearing on this issue.

5. The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case because it was filed after April 24, 1996. *Lindh v. Murphy*, 117 S.Ct. 2059, 2068 (1997). The AEDPA imposes an express limitation on the power of a federal court to grant an evidentiary hearing. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998) "Consistent with the AEDPA's goal of streamlining the habeas process, § 2254(e)(2) specifies the situations where evidentiary hearings are allowed, not where they are required." *Id.* Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>     (A) the claim relies on--
>         (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

6. In this case, Garcia has failed to establish the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. An evidentiary hearing

is therefore not required. Therefore, the motion for an evidentiary hearing should be denied.

7. In order to establish ineffective assistance of counsel, Garcia must show his attorney's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

8. Effective assistance of counsel does not equate to "victorious or flawless assistance." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994). With respect to the performance element, review of counsel's performance is highly deferential. *Id.* With respect to the prejudice element, a reasonable probability that the result would have been different equates to a sufficient probability to undermine confidence in the outcome. *Id.* Since Garcia has the burden of establishing both prongs of *Strickland*, this Court may dispose of his claims of ineffective assistance of counsel on lack of prejudice alone. *Hatch v. Oklahoma*, 58 F.2d 1447, 1457 (10th Cir. 1995); *Thomas v. Kerby*, 44 F.3d 884, 887 (10th Cir. 1995). Therefore, Garcia must demonstrate his attorney did not provide reasonably effective assistance and there is a reasonable probability that, but for counsel's errors, the result would have been different. *Laycock v. State of New Mexico,* 880 F.2d 1184, 1187 (10th Cir. 1989).

9. Garcia claims his attorney was ineffective because he failed to investigate the painful dental condition which forced him to leave the Delancy Street program. Garcia's attorney argued to the court that Garcia had left the program under the duress caused by his dental problems. In addition, the evidence established that Garcia not only left Delancy Street, but also failed to report to his probation officer and was arrested for additional offenses. In fact, out of the ten charged

violations, Garcia was found to have committed seven violations, in addition to failing to complete the Delancy Street program. Direct evidence of dental treatment would have thus been superfluous and would not have altered the outcome of the hearing. Hence, Garcia has failed to establish prejudice as required by *Strickland*.

10. Garcia also argues his twenty year sentence for twenty misdemeanor offenses violated his right to be free from cruel and unusual punishment. Garcia's sentence was not so grossly disproportionate to his crimes as to constitute cruel and unusual punishment. *Michigan v. Harmelin*, 501 U.S. 957 (1991). Garcia's second claim is also without merit.

## RECOMMENDED DISPOSITION

The Petition for a Writ of Habeas Corpus should be denied.

JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within ten days after a party is served with a copy of these amended proposed findings and recommended disposition that party may, pursuant to **28 U.S.C. § 636 (b)(1)**, file written objections to such amended proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the amended proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.